**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **FINANCE OF AMERICA REVERSE, LLC,** | |
| *Plaintiff,* | **CIVIL NO. 16-1664 (DRD)** |
| v. | |
| **EMMA CANCEL MARQUEZ A/K/A EMMA CANCEL MARQUES A/K/A EMMA CANCEL; UNITED STATES OF AMERICA,** | |
| *Defendants.* | |

**OPINION AND ORDER**

On April 7, 2016 plaintiff, Finance America Reverse, LLC filed the instant mortgage foreclosure action against defendants, Emma Cancel Márquez a/k/a Emma Cancel Marques a/k/a Emma Cancel[1] (hereinafter, the "Defendant"). Pending before the Court is Plaintiff's *Motion for Summary Judgment* (Dkt. No. 95) whereby the Plaintiff argues that it is entitled to judgment as Defendant has failed to comply with the terms and conditions set forth in the loan agreement executed between the parties. Defendant failed to oppose to Plaintiff's summary judgment request. Thus, Plaintiff's summary judgment request is hereby deemed as unopposed.

For the reasons stated herein, Plaintiff's *Motion for Summary Judgment* (Dkt. No. 95) is hereby **GRANTED**.

---

[1] The United States of America was brought to the captioned case pursuant to the provisions of 28 U.S.C. § 2410, due to a federal lien that encumbers the subject property. See Dkt. No. 95 at ¶ 37-38. Although it is mentioned as a co-defendant, the Court notes that the United States is not a subject of the Mortgage Loan. The Court notes that on August 29, 2016, judgment of default was entered against the United States. Pursuant to the Judgment, "[t]he effect of this default judgment is that the aforementioned lien will be cancelled if the property is sold in a judicial sale pursuant to the proceedings of the captioned case.

## I.     UNCONTESTED FACTS

The following factual findings are taken from Plaintiff's unopposed statement of undisputed facts, and supported documentation. Upon careful review of the record, the Court finds the following facts are undisputed:

1.     On April 7, 2016, Plaintiff, Finance of America Reverse, LLC filed a Complaint against the defendants.  *See* Docket No. 1.

2.     Defendant, Emma Cancel Márquez was personally served on April 18, 2016. *See* Docket No. 7.

3.     On June 14, 2016, Defendant, Emma Cancel Márquez filed, through her *pro bono* appointed legal counsel an *Answer to Complaint. See* Docket No. 13.

4.     *Partial Judgment* by Default was entered against the United States of America as it failed to answer the complaint or otherwise plead. Therefore, the junior lien in the name of the United States of America will be cancelled upon the selling of the property in a judicial sale. *See* Docket No. 25.

5.     Several Settlement Conferences were held. However, the parties ultimately informed that a settlement agreement was unattainable. Accordingly, the case at bar would continue its usual course. *See* Docket Nos. 35, 36 & 61.

6.     On June 6, 2011, for value received, defendant **EMMA CANCEL MÁRQUEZ a/k/a EMMA CANCEL MÁRQUES a/k/a EMMA CANCEL** a mortgage note payable to Urban Financial Group, Inc.[2] or to its order, was executed before Notary Public, José García Noya, affidavit no.

---

[2] Plaintiffs submitted the Certificate of Conversion of Urban Financial Group, Inc. to Urban Financial of America, LLC and the Certificate of Amendment of Urban Financial of America, LLC in which the formation of the Company was amended to reflect the new corporate name to Finance of America Reverse LLC. *See* Docket No. 99.

5,577, for the principal amount of **$181,500.00**, with interest at rate of **5.300%** per annum, due

on August 21, 2089. (hereinafter, the "Note"). *See* Docket No. 96, Exhibit 1.

7.     The Note provides for the payment of 10% ($18,150.00) of the original principal

amount to cover costs, expenses, and attorney's fees in the event the person entitled to enforce

the instrument is required to seek judicial collection. *Id.*

8.     A voluntary mortgage was constituted by deed number 93, issued in Guaynabo,

Puerto Rico, executed before Notary Public, José García Noya, on June 6, 2011, (hereinafter, the

"Mortgage Deed") to secure the holder of the Note the repayment of (a) the indebtedness

evidenced by the Note, (b) an amount of 10% of the original principal amount ($18,500.00) of

the Note to cover costs, expenses and attorney's fees in the event of judicial collection, plus

interest, in addition to those secured by law and advances under the contract.

> "**URBANA**: SOLAR RADICARDO EN LA BARRIADA "CATALANA", BARRIO FLORIDA AFUERA DEL TERMINO MUNICIPAL DE BARCELONETA, PUERTO RICO, QUE SE DESCRIBE EN EL PLANO DE INSCRIPCIÓN CON EL NUMERO, ÁREA Y COLINDANCIAS QUE SE RELACIONAN A CONTINUACIÓN: NUMERO DEL SOLAR: CIENTO NUEVE (109). ÁREA: QUINIENTOS SESENTA Y CUATRO METROS CUADRADOS CON CIENTO CINCUENTA Y SEIS MILÉSIMAS DE OTRO (564.156 M.C.) EN LINDES: POR EL NORTE, EN DOS (2) ALINEACIONES CONTINUAS QUE SUMAN QUINCE METROS CON OCHENTA Y DOS MILÉSIMAS DE OTRO (15.082), CON LA CALLE MUNICIPAL; POR EL NOROESTE, EN CUATRO METROS CON SEISCIENTOS OCHENTA Y CINCO MILÉSIMAS (4.685), CON LA CALLE MUNICIPAL; POR EL OESTE, EN DOS (2) ALINEACIONES CONTINUAS QUE SUMAN VEINTE METROS CON CIENTO CUARENTA Y NUEVE MILÉSIMAS DE OTRO (20.149), CON LA CALLE MUNICIPAL; POR EL SUR, EN TRES (3) ALINEACIONES CONTINUAS QUE SUMAN VEINTISIETE METROS CON NOVECIENTOS SESENTA Y DOS MILÉSIMAS DE OTRO (27.962), CON EL SOLAR CIENTO DIEZ (110); POR EL ESTE, EN VEINTICUATRO METROS CON NOVECIENTOS CINCUENTA Y SIETE MILÉSIMAS DE OTRO (24.957), CON LA CARRETERA ESTATAL NUMERO CIENTO CUARENTA (140); Y POR EL NORESTE, EN UN METRO CON NOVECIENTOS VEINTIDÓS MILÉSIMAS DE OTRO (1.922), CON LA CARRETERA ESTATAL NUMERO CIENTO CUARENTA (140).
>
> Segregated from property number 1959, recorded at page 213 of volume 45 of Barceloneta. Recorded at page 9 of volume 249 of Barceloneta, property number 11,999 of the Property Registry of Puerto Rico, Manatí Section."

*See* Docket No. 96, Exhibit 2.

9.      The property is identified with the number 11,999 and is recorded at page number 9 of volume 249 of Barceloneta, in the Registry of Property of Puerto Rico, Section of Manatí. The mortgage is recorded at page number 9 overleaf of volume 249 of Barceloneta, in the Registry of Property of Puerto Rico, Section of Manatí, inscription 4th. *See* Docket No. 96, Exhibit 3.

10.     In accordance with the Registry of Property, the Defendant is the owner of the property. *See Id.*

11.     United States of America was brought to the captioned case pursuant to the provisions of 28 U.S.C. § 2410, due to a federal lien that encumbers the subject property. *See Id.*

12.     It was expressly stipulated that if any one or more of the terms and conditions of the Mortgage were not fulfilled, the whole outstanding balance of debt would be declared to be immediately due and payable. *See* Docket No. 96, Exhibit 2.

13.     Defendant was obligated under the terms of the loan documents to maintain insurance and pay property taxes. Upon Defendant's failure to pay the insurance premiums, Plaintiff declared all the indebtedness of the Defendant due and payable. Accordingly, the Defendant owes Finance of America Reverse, LLC, formerly known as Urban Financial Group, Inc.[3], the principal sum of $79,510.20 in principal advances, plus $40,561.82 in Capitalized Interest, for a total of $120,072.00, plus interest at a rate of 5.300% per annum. Such interests continue to accrue until the debt is paid in full. The Defendant also owes Finance of America Reverse, LLC, formerly known as Urban Financial of America[4], all advances made under the

---

[3] *See supra* note 2.
[4] *See supra* note 2.

mortgage note including but not limited to insurance premiums, taxes and inspections as well as 10% of the original principal amount ($18,150.00) to cover costs, expenses, and attorney's fees guaranteed under the mortgage obligation.

14.     Defendants are the owners in fee simple of the property described above according to the 1st inscription recorded at page 83 of volume 116 of Quebradillas, Property Registry of Puerto Rico at Arecibo, Second Section, property number 12,297, and to Plaintiff's best knowledge and belief. *See* Docket No. 44, Exhibit 1.

15.     Finance of America Reverse, LLC, formerly Urban Financial Group, Inc.[5] is the holder in due course of the mortgage note. Accordingly, said entity is entitled to enforce the instrument. *See* Docket No. 47, Exhibit B; PR Laws Ann. T. 19 § 601.

16.     Defendant is on default since the December 1, 2014. *See* Docket No. 38, Exhibit 3.

17.     As the Defendant has failed to correct the condition which resulted on her loan to become due and payable, the entire principal sum and accrued interests and expenses have become due and payable pursuant to the acceleration clause for the mortgage note and mortgage deed. Accordingly, as of December 19, 2018, the Plaintiff owes the following amounts:

| Principal Advances | $79,510.20 |
| Capitalized Interest | $40,561.80 |
| **Total Unpaid Principal Balance** | **$120,072.00** |
| Accrued MIP | $11,341.47 |
| Intra Month Per Diem | $448.07 |
| Property Taxes | $748.24 |
| Flood Insurance | $664.02 |
| **Total** | **$133,273.80** |

---

[5] *See supra* note 2.

The defendant owes Finance of America Reverse, LLC, formerly Urban Financial Group, Inc.[6], all advances made under the mortgage note, including, but not limited to, insurance premiums, taxes and inspections as well as 10% ($18,150.00) of the original principal amount to cover costs, expenses, and attorney's fees guaranteed under the mortgage obligation.

### III. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). Pursuant to the clear language of the rule, the moving party bears a two-fold burden: it must show that there is "no genuine issue as to any material facts;" as well as that it is "entitled to judgment as a matter of law." *Veda-Rodriguez v. Puerto Rico*, 110 F.3d 174, 179 (1st Cir. 1997). A fact is "material" where it has the potential to change the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "genuine" where a reasonable jury could return a verdict for the nonmoving party based on the evidence. *Id.* Thus, it is well settled that "the mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Id.* After the moving party meets the above described burden, the onus shifts to the non-moving party to show that there still exists "a trial worthy issue as to some material facts." *Cortes-Irizarry v. Corporación Insular*, 11 F.3d 184, 187 (1st Cir. 1997).

---

[6] *See supra* note 2.

At the summary judgment stage, the trial court examines the record "in the light most flattering to the non-movant and indulges in all reasonable references in that party's favor. Only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes*, 116 F.3d 957, 959-60 (1st Cir. 1997). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prod.*, 530 U.S. 133, 150 (2000)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, 106 S.Ct. 2505 (1986)). Summary judgment is inappropriate where there are issues of motive and intent as related to material facts. *See Poller v. Columbia Broad. Sys.*, 369 U.S. 470, 473, 82 S.Ct. 486 (1962)(summary judgment is to be issued "sparingly" in litigation "where motive and intent play leading roles"); *see also Pullman-Standard v. Swint*, 456 U.S. 273, 288, 102 S.Ct. 1781 (1982)("findings as to design, motive and intent with which men act [are] peculiarly factual issues for the trier of fact."); *see also Dominguez-Cruz v. Suttle Caribe*, Inc., 202 F.3d 424, 433 (1st Cir. 2000)(finding that "determinations of motive and intent . . . are questions better suited for the jury"). "As we have said many times, summary judgment is not a substitute for the trial of disputed factual issues." *Rodríguez v. Municipality of San Juan*, 659 F.3d 168, 178-179 (1st Cir. 2011)(internal quotations and citations omitted). Conversely, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 85 F.3d 86, 95 (1st Cir. 1996). However, while the Court "draw[s] all reasonable inferences in the light most favorable to [the non-moving party] . . . we will not draw unreasonable inferences or credit bald assertions, empty conclusions or rank conjecture." *Vera v. McHugh*, 622 F.3d 17, 26

(1st Cir. 2010)(internal quotations and citation omitted).  Moreover, "we afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative." *Tropigas De P.R. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011)(internal citations omitted).

## IV.    ANALYSIS

Under Puerto Rico law, a contract is perfected by the concurrence of three elements: (1) the consent of the contracting parties; (2) a definitive object subject of the contract; and (3) a cause for the obligations that each party is assuming. 31 P.R. Laws Ann. § 3391. There is consent when a concurrence of "[t]he offer and acceptance of the thing and the cause which are to constitute the contract" occurs. 31 P.R. Laws Ann. § 3401. "Obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations." *Id.* at § 2994.  As such, if "a party fails to uphold or abide by the contract's essential obligations, such failure will be deemed a breach of the contract." *Markel Am. Ins. Co. v. Diaz-Santiago*, 674 F.3d 21, 31 (1st Cir. 2012).

A mortgage is defined as "a guarantee of a debt, which in turn is secured by a particular property." *Chicago Title Ins. Co. v. Sotomayor*, 394 F.Supp.2d 452, 460 (D.P.R. 2005)(*citing Torres v. Fernandez*, 47 D.P.R. 845, 848 (1934)). Hence, the mortgage is the collateral which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt. 31 P.R. Laws Ann. § 2551; *Fed. Deposit Ins. Corp. v. Urbanizadora Altomar, Inc.*, 716 F. Supp. 701, 705 (D.P.R. 1989). Loan agreements are contracts that "have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." *DLJ Mortg. Capital, Inc. v. Nevárez–Hernández*, No. 15–2889, 2017 WL 663532 *2, (D.P.R. Feb. 17, 2017). Following default on a loan

secured by property, the "mortgage creditor may seek foreclosure." *ACM Penfield CFL, LLC v. Jolley–Talley*, No. 13–1729, 2011 WL 12464801 *3, 2014 U.S. LEXIS 117502 *7 (D.P.R. Aug. 20, 2011).

In the case at bar, the undisputed material facts demonstrate that Plaintiff has a valid and enforceable mortgage credit against the Defendant, thus, summary judgment is warranted under these circumstances. The Debtor, Emma Cancel Marquez is party to the Mortgage Note for the amount of $181,500.00 to the order of Urban Financial Group, Inc.[7] *See* Docket No. 91, Exhibit 1. Plaintiff, Finance of America Reverse, LLC is the holder in due course of the mortgage note. Accordingly, said entity is entitled to enforce the instrument. *See* PR Laws Ann. T. 19 § 601.

To ensure payment in case of indebtedness by Mortgage Note, the Debtor executed a Mortgage. *See* Docket No. 96, Exhibit 2. The Mortgage encumbers the following property described *supra* at p. 3, ¶ 8 of the Uncontested Facts of the instant Opinion and Order.

Furthermore, the Court notes that Plaintiff has provided a photocopy of the original note, which does not have any cancellation notice. *See* Docket No. 96, Exhibit 1. Plaintiff has also provided a photocopy of the original mortgage deed in support of its request for summary judgment. *See* Docket No. 96, Exhibit 2.

From the affidavit included as part of the request for summary judgment, arises the fact that Defendant, Emma Cancel Marquez has breached her obligation payments on the above referenced note, and has been, accordingly, in default caused by lack of payment of the insurance premium and property taxes per stipulated under the terms of the mortgage deed. Pursuant to the Uniform Covenants of the Mortgage Deed, Section (2) of the fifth paragraph of the subject

---

[7] *See supra* note 2.

mortgage, borrower must maintain any assessed property taxes current. The mortgage further states that a violation of this provision may be grounds for acceleration pursuant to the fifth paragraph, section 9(b)(iii). As the Defendant has failed to offer any evidence of payment of said property taxes and homeowner's insurance, and accordingly, has failed to correct the condition which resulted on the loan to become due and payable, Plaintiff is entitled to recover the amounts due. Thus, pursuant to the terms and conditions of the Mortgage Note and the Mortgage Deed, Plaintiff has the right to, and has effectively declared the note due and payable.

It is undisputed that the amounts due and payable to date are for principal balance of $79,510.20, plus $40,561.80 in Capitalized Interest, for a total of $120,072.00, plus interest at a rate of 5.300% per annum until the debt is paid in full, plus all the advances made under the mortgage note including but not limited to insurance premiums, taxes and inspections as well as 10% of the original principal amount ($18,150.00) to cover costs, expenses and attorney's fees guaranteed under the mortgage obligation. *See* Docket No. 96, Exhibit 2.

Thus, it is an undisputed fact that Defendant Emma Cancel Márquez a/k/a Emma Cancel Marques a/k/a Emma Cancel failed to comply with the terms and conditions of the mortgage loan contract. The Note allows the lender to require immediate payment of full amount and interests upon default. The Note and Mortgage entitle Plaintiff to the collection of costs and expenses to enforce the note, fixed at 10 percent of the original principal amount. There is no genuine issue of material fact as to the liability and Plaintiff's right to seek judicial enforcement of payment on the outstanding debt. Accordingly, Plaintiff is entitled to judgment as a matter of law providing for the foreclosure of the mortgage property described above.

## V.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's *Request for Summary Judgment* (Docket No. 95). Judgment pursuant to the instant *Opinion and Order* is to be issued forthwith.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of November, 2019.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge